MOUNT PLEASANT TOWNSHIP v. B. F. HOBART, *et al.*

PERSONAL BOND TO TOWNSHIP, *When no Recovery Upon.*  After the board
of county commissioners of Labette county had received a petition, and
ordered an election according to the proposition set forth in the petition,
to take the sense of the voters of Mount Pleasant township, in said
county, to subscribe $10,000 to the capital stock of a railway, proposed
to be constructed through said township, under the provisions of ch. 107,
Laws of 1876, A. & B., agents and contractors of the railway company,
executed before the election their personal bond to the township, which
was accepted by its officers, in the sum of $10,000, conditioned that the
railway company should construct its road across the northeast quarter
of section 15, township 33, range 19, in said township, and locate its depot
thereon; afterward the election was held upon the proposition submitted
to the electors, and the vote was favorable thereto.  The road was built
through the township according to the terms of the proposition submitted,
but not across said section 15, nor was any depot located on said section.
Thereafter the township brought its action upon the bond of A. & B. to
recover the penalty.  *Held,* The township was not entitled to recover.

### *Error from Labette District Court.*

ACTION brought by *Mount Pleasant Township,* in Labette
county, against *B. F. Hobart* and *C. M. Congdon,* upon a cer-
tain bond.  Trial at the November Term, 1880, of the dis-
trict court, and judgment for the defendants.  The plaintiff
brings the case here.  The opinion states the facts.

*Nelson Case,* and *Cory & Simons,* for plaintiff in error.
*Webb & Glasse,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The defendants were the general agents
and contractors of the St. Louis, Wichita & Western railway
company, and interested in procuring the bonds of Mount
Pleasant township.  They succeeded in obtaining a sufficient
number of the electors of the township to sign a petition to
the board of county commissioners of Labette county, au-
thorizing the board to call an election for the township to

decide whether or not it would issue its bonds to the railway company in the sum of $10,000, on the terms and conditions specified in the election proclamation. The proceedings for calling the election and issuing the bonds were had under ch. 107, Laws of 1876, and the amendments thereof. The citizens of the township wanted the railway built across, and a depot established on the northeast quarter of section 15, in township 33, range 19, in said township. By the conditions contained in the election proclamation, the railway company might locate its road and depot across said quarter-section of land, but was not required so to do. The election was held on May 12, 1879. Before the election took place the defendants became convinced that the bonds would be defeated, because the road and depot were not required to be located on the quarter-section named. They therefore called a meeting of the electors of the township, at which they proposed to secure by their personal bond the location of the road and depot at the point desired. On May 9, 1879, they executed to the township their personal bond in the sum of $10,000, conditioned that the railway company should build its road from Oswego to Wichita, across and over the northeast quarter of section 15, and should locate a depot for the road on some part of said quarter-section of land. Thereafter the bonds were voted, issued, and delivered to the railway company. The road was built through the township, but not across section 15, nor was any depot located thereon. On April 20, 1880, the township brought this action against the defendants on their bond of the date of May 9, 1879, demanding therein judgment for the penalty of the bond, to wit, $10,000, with interest from October 30, 1879, and costs. Afterward an answer was filed by the defendants; and a reply, containing a general denial, filed by the plaintiff. The cause came on for hearing on November 29, 1880; defendants, upon the trial, objected to the introduction of any evidence, upon the ground that the petition did not state facts sufficient to constitute a cause of action. The objection was

sustained by the court, and the jury was directed to find a verdict for defendants. The plaintiff excepted, and brings the case here.

Section 3, chapter 107, Laws of 1876, provides that the county commissioners of the county in which the township is situated, through which the proposed railroad is to be constructed, upon the presentation of the proper petition to the chairman of the board shall convene and make an order which shall embrace the terms and conditions set forth in the petition, and fix the time for holding the election, which shall be within sixty days from the day on which the commissioners shall be convened. Section 5 of chapter 107, as amended by § 1, ch. 144, Laws of 1877, prescribes that if a majority of the qualified electors voting at such election shall vote for such subscription or loan, the board of county commissioners, for and on behalf of such township, shall order the county clerk to make the subscription or loan in the name of the township, and shall cause such bonds with coupons attached, as may be required by the terms of the proposition, to be issued in the name of the township, which bonds, when issued for the township, shall be signed by the chairman of the board of county commissioners, and attested by the county clerk under the seal of the county: provided no such bonds shall be issued until the railroad to which the subscription or loan is proposed to be made shall be completed and in operation through the township voting such bonds, or to such point in the township as may be specified in the proposition set forth in the petition, required in the first section of this act. Now it is stated in the petition that the railway was completed through the township, as specified in the proposition submitted to the electors, and therefore, so far as the terms and conditions of the proposition submitted by the board of county commissioners to the electors is concerned, a full compliance was had. It is urged, however, that the township officers had the authority to change the terms and conditions of the proposition voted upon. If they had the right to enter into a contract with the defendants to change

46—25 KAS.

the terms of the proposition in one respect, we think it follows they had the right to change it in others. The statute authorizes in such cases the board of commissioners of the county to act as the agent of townships in all matters pertaining to the calling of an election, subscribing stock, and issuing bonds to aid in the construction of railroads, and it is doubtful whether any officers other than the commissioners can fix or impose conditions upon which the bonds should be issued. But if there is any doubt upon this point, we are clear that the action of the plaintiff cannot be maintained upon the bond set forth in the petition; because such bond is without any valid or sufficient consideration. It is true that the defendants agreed in writing that the railway should be built across a particular portion of land in the township, and that a depot should be located thereon; and it is probably true that such agreement induced many of the electors of the township to vote in favor of the subscription of stock and the issue of bonds in payment therefor, but this agreement was a mere voluntary action on the part of the defendants, and at most their action in the premises creates only a moral obligation upon them. There is no legal liability upon their promise, and the law does not assume to enforce moral obligations alone. The performance of moral obligations is left to the good faith of the promisors. If the electors of the township had desired the railroad to be constructed over a particular point in their township, such condition ought to have been inserted in the petition presented to the board of county commissioners, and the proposition submitted to the electors to vote upon would then have contained the condition that the railroad should be located and depot built at the point desired. We do not think the case needs extended comment, or that any lengthy argument is required in support of these views.

The judgment of the district court must be sustained.

VALENTINE, J., concurring.

BREWER, J., not sitting.